SUBURBAN HOMES CORPORATION ET AL. *v.* ANDERSON ET AL.

[No. 270A20. Filed September 2, 1970. No petition for rehearing filed.]

*Duane W. Hartman, Glenn J. Tabor, Blachly & Tabor,* of Valparaiso, for appellants.

*John M. Lyons, Lyons, Aungst & Guastella,* of Valparaiso, for appellees.

PFAFF, J.—This is an appeal from a judgment of the Porter Superior Court denying the appellants' petition for a writ of certiorari and upholding the decision of the Porter County

Plan Commission requiring the installation of sidewalks in appellants' proposed subdivision.

Appellants' sole assignment of error is the overruling of their motion for a new trial, which motion alleged that the decision is not sustained by sufficient evidence and is contrary to law.

The subdivision in question is comprised of 634 lots within a total of 216 acres. There are, therefore, 2.93 lots per gross acre. No subdivisions are adjacent to that proposed by appellants.

On May 28, 1969, appellants submitted an application for approval of the subdivision's preliminary plat to the Porter County Plan Commission. The plat application was approved by said Commission on July 9, 1969. However, the Porter County Plan Commission's approval of the subdivision plat was conditioned upon its requirement that, with the exception of one street, all streets within the subdivision be adjoined by sidewalks on each side of all streets.

Appellants now contend that the Commission's determination requiring the installation of sidewalks and the Porter Superior Court's subsequent approval of the Commission ruling are contrary to law by reason of the fact that the Porter County Plan Commission has no discretion to require the installation of sidewalks as a condition precedent to plat approval.

The Porter County Plan Commission, pursuant to statutory authority (Acts 1947, ch. 174, §§ 47, 48, p. 571, Ind. Stat. Anno., §§ 53-747, 53-748, Burns' 1964 Repl.) adopted the following provision as a part of the Porter County Master Plan Ordinance:

"A. Wherever a proposed subdivision lies adjacent to or between other subdivisions which have been provided with sidewalks, and whenever the proposed subdivision will average more than three and one-half (3½) lots per gross acre included in the subdivision, the Commission shall require sidewalks to be installed on each side of the street."

In the instant case, it is undisputed that there are no subdivisions adjacent to that proposed by the appellants. Further, the preliminary plat divides the lots in such a manner that there exist 2.93 lots per gross acre as opposed to 3½ lots per gross acre as specified in the ordinance.

We agree with the appellants' contention that since the physical characteristics of their proposed subdivision do not come within the limitations of the foregoing ordinance, in that it contains only 2.93 lots per gross acre and is not adjacent to existing subdivisions, all requirements of the Porter County ordinances have been complied with and there exists no authority under these facts requiring the installation of sidewalks.

We believe it essential to municipal planning to establish and adhere to certain minimum standards. The discretion of the Plan Commission in formulating these standards is to be exercised when ordinances are formulated. Specific guidelines should be established and followed so as to allow each individual citizen the opportunity to know that he is specifically complying with Commission standards. If he does meet Commission requirements, no more is required and the interests of all citizens are protected. Discretion, while advisable in originally formulating the standards of area development, only serves to render unpredictable and possibly inquitable the Commission's decision if exercised too greatly when a plat proposal is submitted. This opinion was previously voiced by our Supreme Court in the case of *Knutson et al.* v. *State ex rel. Sebeerger et al.* (1959), 239 Ind. 656, 659, 157 N. E. 2d 469, 160 N. E. 2d 200, wherein it is stated:

"Cities and towns have been granted broad authority by the state which created them to control the development of areas in and adjacent to them. However, public policy requires that this authority be exercised in a standardized and clearly defined manner so as to enable both the landowner and the municipality to act with assurance and authority regarding the development of such areas."

We conclude that the Porter County Plan Commission should have unconditionally approved the appellants' application.

Judgment reversed, and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Hoffman, P.J., Sharp and White, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 376.