312 N.E.2d 880 (1974)
Joseph B. DOSMANN et al., Defendants-Appellants,
v.
AREA PLAN COMMISSION OF ST. JOSEPH COUNTY, Indiana, Defendant-Appellee, Midwest Turnkey Builders, Inc., Plaintiff-Appellee.
No. 3-773A79.
Court of Appeals of Indiana, Third District.
June 27, 1974.
Rehearing Denied August 7, 1974.
*881 F. Gerard Feeney, James E. Burke, Feeney & Stratigos, South Bend, for appellant.
Robert L. Miller, South Bend, for appellee Midwest Turnkey Builders, Inc.
David B. Weisman, South Bend, for appellee Area Plan Commission.
*882 HOFFMAN, Chief Judge.
The instant appeal arises from a declaratory judgment action brought by plaintiff-appellee Midwest Turnkey Builders, Inc. (Builder). Defendants-appellants Joseph B. Dosmann and others (Intervenors), property owners in an area adjacent to a proposed subdivison plat, remonstrated against the plat before the defendant-appellee Area Plan Commission of St. Joseph County (Commission), and sought and were granted the right to intervene in the declaratory judgment action to represent their interests in the matter.
All the parties were represented when the Commission considered the plat at two of its public hearings. During the second hearing, after consideration of the Builder's application for preliminary approval of the plat and the Intervenors' objections thereto, the Commission denied approval of the plat. The reasons given by the Commission for this denial were: that the plat would be detrimental to the value of surrounding property; that it would introduce additional public and low-rent housing into an area which already contained an adequate amount of such housing; and that the plat contained minor deviations from the technical requirements of the City of South Bend Subdivision Ordinance.
The Builder sought a judicial review of the first reason given by the Commission. In the pleading stage of that action, the Builder and the Commission moved for summary judgment. The trial court granted the motion for summary judgment and this appeal followed.
The Intervenors have contended both in the trial court and on appeal that a declaratory judgment action was an improper procedure by which to seek appellate review of a decision of the Commission and, thus, the trial court was without jurisdiction to hear the case.
This contention is founded upon a construction of IC 1971, XX-X-X-XX, Ind. Ann. Stat. § 53-1060 and IC 1971, XX-X-X-XX, Ind. Ann. Stat. § 53-1061 (Burns 1964), which are part of the 1957 Indiana Area Planning Act (the 1957 Act), IC 1971, 18-7-4-1 et seq., Ind. Ann. Stat. § 53-1001 et seq. (Burns 1964).
IC 1971, XX-X-X-XX, supra, provides as follows:
"Adoption of ordinance  Approval of plats and replats  Certified copy of ordinance filed with county recorder  Seal of commission  Certificate.  After an ordinance containing provisions for subdivision control and the approval of plats and replats has been adopted and a certified copy of the ordinance has been filed with the county recorder, the filing and recording of a plat shall be without legal effect unless it bears the seal of the commission, the approval of its officers, and has attached thereto a certificate that proper public notice of the hearing was published." (Emphasis supplied.)
IC 1971, XX-X-X-XX, supra, provides as follows:
"Plats and replats  Approval  Exclusive control of commission.  After an ordinance containing provisions for subdivision control and the approval of plats and replats has been adopted and a certified copy of the ordinance filed with the county recorder, the commission shall have exclusive control over the approval of plats and replats.
"All other statutes relating to the subdivision of land and plats shall be of no force and effect in counties qualifying under this act [§§ 53-1001-53-1098]". (Emphasis supplied.)
The Intervenors assert that under these sections of the 1957 Act the filing of a copy of a county's subdivision control ordinance is a condition precedent to the Act having any effect within that county. Since the filing was not accomplished prior to the commencement of the case at bar, the Intervenors' reason, the 1957 Act was of no effect in St. Joseph County at that time and any appeal from the Commission's *883 action should have been brought by certiorari, as provided by IC 1971, 18-7-5-1 to XX-X-X-XX, Ind. Ann. Stat. § 53-701 to § 53-795 (Burns 1964 and Burns Cum.Supp. 1973), (the 1947 Act).
As the trial court readily recognized, this line of reasoning is somewhat problematical. This becomes apparent upon consideration of the purpose of the recordation requirements of IC 1971, XX-X-X-XX and XX-X-X-XX, supra, which are the crux of the Intervenors' argument.
As stated in Haverell Distributors v. Haverell Mfg. Corp. (1944), 115 Ind. App. 501, 58 N.E.2d 372 (transfer denied), the purpose of recordation or filing is to give notice and to prevent fraud. The active participation of the Intervenors in the proceedings before the Commission and their citation to the City of South Bend Subdivision Ordinance in those proceedings indicate that they have had an intimate actual knowledge of its provisions from the outset of this controversy. Furthermore, they allege no fraud in the application of such ordinance by the Commission or the trial court. Thus, to require recordation prior to the commencement of the proceeding of the Commission in order to render this ordinance effective as between these parties would not serve the purpose the Legislature intended by such recordation requirements.
The record thus discloses that, as between the parties to the instant case, there had been a substantial compliance with the filing requirements of IC 1971, XX-X-X-XX and XX-X-X-XX, supra, when the Commission considered the plat. Since no assertion has been made, nor does it appear from the record that the City of South Bend Subdivision Ordinance was improperly adopted, these sections, and all of the 1957 Act, must be deemed to have been fully in effect as to the parties to the instant case.
IC 1971, XX-X-X-XX, supra, provides, in part, that "[a]ll other statutes relating to the subdivision of land and plats shall be of no force and effect in counties qualifying under this act." The trial court correctly concluded that because there was compliance with, and thus qualification under the comprehensive scheme of the 1957 Act, the appeal procedures of the 1947 Act can be of no effect in the case at bar.
Our determination that the Legislature intended this result is strengthened by an examination of the exact wording of these two Acts. The 1947 Act provides that "[a] decision of the commission may be reviewed by certiorari * * *." See: IC 1971, XX-X-X-XX, Ind. Ann. Stat. § 53-755 (Burns 1964). The word "commission" as used in this provision is defined in the 1947 Act (IC 1971, 18-7-5-3, Ind. Ann. Stat. § 53-703 (Burns 1964)) as "a city plan commission or a county plan commission; * * *." However, the 1957 Act (IC 1971, 18-7-4-2, Ind. Ann. Stat. § 53-1002 (Burns 1964)), supra, defines "commission" as "an area plan commission." Thus, the "commissions" created by the 1957 Act were clearly not intended by the Legislature to be included under the appellate provisions of the 1947 Act.
It must be concluded upon these facts that the trial court was correct in holding that it had subject-matter jurisdiction over the declaratory judgment action brought by the Builder.
There is an indication in the record that the parties may have caused this ordinance to be filed subsequent to the Commission's action. If this has been done, the problem in the instant case should not arise again. In any event, the peculiarities of the fact situation under consideration here require that the holding herein be limited to the facts now before the court.
The trial court also determined that the Commission could not properly have disapproved the plat if its reason for doing so was other than for a violation of the standards specified in the ordinance.
*884 IC 1971, XX-X-X-XX, Ind. Ann. Stat. § 53-1057 (Burns 1964), provides, in pertinent part, as follows:
"Proposed subdivision plat  Approval by commission  Certificate  Record of disapproval.  If after the hearing the commission determines that the application and plat comply with the standards set forth in the subdivision control ordinance they shall approve and fix the commission's seal upon the plat * * *.
* * * * * *
"If the commission disapproves the plat, it shall set forth its reasons in its own records and provide the applicant with a copy." (Emphasis supplied.)
It is apparent from a reading of these portions of the 1957 Act that the commissions created under the Act have no discretion to approve some plats and disapprove others. They may only determine whether a plat presented to them comports with the requirements of their subdivision ordinance. And, if they decide that the plat is defective, they must advise the applicant of the nature of the defects. The obvious purpose of these provisions is to ensure that a landowner's plat will be measured only against the concrete standards of the subdivision ordinance in effect. Thus, these provisions serve the legitimate public interest in planned community growth while protecting the private rights of landowners. Cf: Suburban Homes v. Anderson (1970), 147 Ind. App. 419, 261 N.E.2d 376.
In Knutson et al. v. State ex rel. Seberger et al. (1959), 239 Ind. 656, 157 N.E.2d 469, our Supreme Court reached the same result upon consideration of a similar problem, and said of statutes even less specific than IC 1971, XX-X-X-XX, supra:
"Cities and towns have been granted broad authority by the state which created them to control the development of areas in and adjacent to them. However, public policy requires that this authority be exercised in a standardized and clearly defined manner so as to enable both the landowner and the municipality to act with assurance and authority regarding the development of such areas. It is for this reason that although public policy requires municipal control of such development, nevertheless the authority of a town to deny a landowner the right to develop his property by refusing to approve the plat of such development is by statute made to rest upon specific standards of a statute or implementing ordinance. Thereafter the approval or disapproval of the plat on the basis of the controlling standards is a ministerial act." (Footnotes omitted.) (239 Ind., at 659, 157 N.E.2d, at 471.)
It is apparent that the same reasoning is applicable to the specific commands of IC 1971, XX-X-X-XX, supra.
Therefore, the Commission in the case at bar improperly denied approval of the Builder's plat insofar as it based this disapproval upon a consideration of standards extrinsic to the City of South Bend Subdivision Ordinance. Furthermore, since the Commission was only performing the ministerial act of determining if the plat met the standards of the ordinance and had no discretion to disapprove the plat upon such extrinsic grounds, any evidence of such grounds was not germaine to either the proceedings before the Commission, or the trial court's limited review of one reason for disapproval of the plat resulting from those proceedings.
In its opinion and order, the trial court concluded "that the Area Plan Commission of St. Joseph County exceeded its statutory authority and its authority under the City ordinance in denying the plaintiff's proposed plat because it would be used for public housing. Accordingly, the defendant is ordered to grant plaintiff approval of its plat immediately upon its determination that said plat meets the technical requirements and standards of the South Bend Subdivision Control Ordinance." (Emphasis supplied.) It is the Intervenors' *885 position that the trial court held that the plat met the standards of the subdivision ordinance and ordered the Commission to approve the plat; and that the trial court thereby exceeded both the prayer of the Builder's complaint and the allowable appellate scope of review of administrative decisions.
The contention is without merit. The Builder's complaint sought to have set aside only the reason given for disapproval of the plat that it would be used for public housing.
Every authority cited by the Intervenors supports the result reached by the trial court. In Pub. Ser. Comm. et al. v. City of Indianapolis (1956), 235 Ind. 70, at 79, 131 N.E.2d 308, at 311, our Supreme Court stated:
"Where the legislature has created a fact-finding body of experts in another branch of the government, their decision or findings should not be lightly overridden and set aside because we, as judges, might reach a contrary opinion on the same evidence. So long as the experts act within the limits of the discretion given them by the statute, their decision is final." (Emphasis supplied.)
Since the Commission had no discretion to deny approval of the plat by reason of its nature as public housing, it could not withhold its approval of the plat.
A similar view as to the standard of review applicable to agency determination in excess of their discretion is expressed in In Re Northwestern Indiana Tel. Co. (1930), 201 Ind. 667, at 674, 171 N.E. 65, at 67, as follows:
"The courts, in reviewing the work of the commission, must keep in mind that they only have to do with questions calling for judicial interpretation as distinguished from matters administrative. So long as the commission keeps within the field of regulative powers over the persons or entities over which it has jurisdiction, its orders and actions with reference to such matters must be respected by the court." (Emphasis supplied.) N.Y.C. & St. L.R.R. Co. v. Singleton (1934), 207 Ind. 449, 454, 190 N.E. 761, 763.
No reversible error having been shown, the judgement of the trial court must be affirmed.
Affirmed.
GARRARD and STATON, JJ., concur in result.