HICKORY HILLS DEVELOPMENT COMPANY, L.L.C., and USA Waste Services–Hickory Hills, Inc., Appellants–Plaintiffs,

v.

Daniel COFFMAN, Lucinda Coffman, NBD Bank, N.A., as Trustee of Trust # 312, and the Lake County Plan Commission, Appellees–Defendants.

No. 45A03–9704–CV–106.

Court of Appeals of Indiana.

Oct. 6, 1998.

Steven D. Hardin, McHale, Cook & Welch, P.C., Indianapolis, James L. Wieser, Randy H. Wyllie, Wieser & Sterba, Schererville, for Appellants–Plaintiffs.

David M. Austgen, Adam D. Decker, Austgen, Reed & Decker, P.C. Crown Point, for Appellees–Defendants.

## OPINION

STATON, Judge.

Hickory Hills Development Company, L.L.C. ("Hickory Hills") appeals from the partial enforcement of a discovery order issued by the Lake County Planning Commission ("Commission"). Hickory Hills contends

the trial court erred by not enforcing the entire discovery order of the Commission.

We vacate the trial court's order.

The relevant facts are that the Lake County Solid Waste Management District ("District") issued a request inviting persons to propose sites for the development of a solid waste landfill in Lake County. On November 29, 1995, property owned by Hickory Hills was selected as the most suitable. The District approved an agreement for Hickory Hills to develop and operate the landfill on May 28, 1996.

NBD Bank, N.A. holds property in trust within one-half mile of the Hickory Hills property. Daniel and Linda Coffman also own property within one-half mile of the proposed landfill. On February 2, 1996, after Hickory Hills' property was selected but before the District approved the agreement for Hickory Hills to develop and operate the landfill, NBD and the Coffmans filed applications to obtain subdivision approval for their respective properties.[1] The applications are significant since there is a $1,000 per day civil penalty for establishing a landfill within one-half a mile of a platted residential subdivision.[2] IND.CODE §§ 13–20–12–2 & –3 (Supp.1996).

Hickory Hills remonstrated against NBD's and the Coffmans' applications before the Commission. As part of their investigation, Hickory Hills sought the following: (1) Any and all documents related to an organization known as South County Residents Opposing Dumps ("SCROD"); (2) Any and all documents related to NBD's and the Coffmans' proposed subdivisions; (3) Any and all documents related to NBD's and the Coffmans' financial net worth and/or ability to finance or the source of financing to construct subdivisions in accordance with the plans submitted to the Lake County Plan Commission; (4) Depositions of NBD and the Coffmans. Record at 38. NBD and the Coffmans refused to comply with this discovery request, but the Commission granted Hickory Hills' motion to compel this discovery. After NBD

---

1. The applications seek to create two separate two-lot subdivisions.

2. These provisions apply to counties with populations between 400,000 and 700,000. IND.CODE § 13–20–12–1 (Supp.1996).

and the Coffmans continued to object to this discovery, Hickory Hills sought enforcement of the Commission's discovery order through Trial Rule 28(F). The trial court ordered NBD and the Coffmans to submit to depositions and to provide documents related to the subdivisions, but refused to compel the production of documents relating to SCROD and the financial information. Hickory Hills now appeals.[3]

This appeal centers on T.R. 28(F) which reads:

Whenever an adjudicatory hearing, including any hearing in any proceeding subject to judicial review, is held by or before an administrative agency, any party to that adjudicatory hearing shall be entitled to use the discovery provisions of Rules 26 through 37 of the Indiana Rules of Trial Procedure. Such discovery may include any relevant matter in the custody and control of the administrative agency.

Protective and other orders shall be obtained first from the administrative agency, and if enforcement of such orders or right of discovery is necessary, it may be obtained in a court of general jurisdiction in the county where discovery is being made or sought, or where the hearing is being held.

■ Initially, NBD and the Coffmans contend that the Commission, when reviewing subdivision plat applications, is not the type of administrative, adjudicatory body with authority to grant discovery under T.R. 28(F).[4] Since it is a mandatory duty of the Commission to approve a subdivision plat which complies with the subdivision control ordinance and any applicable statutes and the Commission acts in a ministerial capacity in this regard, see *Brant v. Custom Design Constr.*, 677 N.E.2d 92, 96–97 (Ind.Ct.App.

1997), NBD and the Coffmans conclude that the Commission is not the type of authority empowered under T.R. 28(F) to grant discovery. We agree.

■ The outcome of this appeal is determined by the function of the Commission insofar as the review of subdivision plat applications is concerned. Subdivision control ordinances must provide concrete standards under which the Commission will consider plat applications.[5] *Id.* at 96. The Commission's only role when reviewing plat applications is to "determine whether a plat presented to them comports with the requirements of their subdivision ordinance." *Dosmann v. Area Plan Comm'n of St. Joseph County*, 160 Ind.App. 605, 312 N.E.2d 880, 884 (1974), *reh. denied.* If the Commission determines that a plat complies with the standards set forth in the subdivision control ordinance, it *shall* make written findings *and grant* primary approval for the plat. IND.CODE § 36–7–4–707 (1993); *Brant*, 677 N.E.2d at 96. Thus, it is a mandatory duty of the Commission to approve a plat which complies with applicable statutes and ordinances, *Tippecanoe County Area Plan Comm'n v. Sheffield Developers, Inc.*, 181 Ind.App. 586, 394 N.E.2d 176, 180 (1979) *trans. denied*, and the Commission does not have the discretion to reject a subdivision plat once compliance is demonstrated. *See Dosmann*, 312 N.E.2d at 884 (planning commissions have no discretion to approve some plats and disapprove others); *Suburban Homes Corp. v. Anderson*, 147 Ind.App. 419, 261 N.E.2d 376 (1970). Accordingly, the review of a subdivision plat is considered a ministerial, as opposed to discretionary, act. *Brant*, 677 N.E.2d at 96; *Cundiff v. Schmitt De-*

---

3. We heard oral argument in this case on June 9, 1998.

4. Hickory Hills contends this argument was not adequately preserved for appeal. NBD and the Coffmans raised this argument in their Petition for Relief or Entry of Protective Order which was denied. The trial court subsequently allowed NBD and the Coffmans to raise specific objections to specific discovery requests. Since this argument was not listed in specific objections to specific discovery requests, Hickory Hills concludes that it is waived. We disagree. The argument was squarely raised once, and it is not

waived by failing to re-raise it in response to an order clearly intended to allow the parties an opportunity to address the merits of each discovery request.

5. Section IV(B) of this subdivision control ordinance allows the Commission to "[r]eject the subdivision proposal when it finds ... a proposed subdivision would adversely affect the health, safety, or general welfare of the County." This section is considered a "concrete standard" which the Commission may consider. *Burrell v. Lake Co. Plan Comm'n*, 624 N.E.2d 526 (Ind.Ct. App.1993), *trans. denied.*

*velopment Co.,* 649 N.E.2d 1063, 1069 (Ind. Ct.App.1995) (plat approval is a ministerial, not discretionary, function).

 Thus, when reviewing subdivision applications, the Commission essentially engages in a permitting function whereby approval must be granted if the petitioner has complied with all applicable ordinances. This characterization of the Commission's duties as they relate to subdivision applications is significant since it is appropriate to look to the nature of the proceeding and the administrative body's role therein when determining the availability of the discovery rules. *See Josam Mfg. Co. v. Ross,* 428 N.E.2d 74 (Ind.Ct.App.1981), *reh. denied.* Trial Rule 28(F) is only available in adjudicatory hearings before *administrative* agencies. While the Commission may be rightfully considered an administrative agency in the general sense, it acts as a *ministerial* agency when reviewing subdivision plats. The procedures for obtaining subdivision plat approval and the role of planning commissions regarding subdivision plats are not of an "administrative" nature such that the discovery rules are available. Accordingly, we conclude that the Commission, insofar as reviewing subdivision plat applications is concerned, is not an "administrative agency" within the meaning of T.R. 28(F), and, therefore, parties may not avail themselves of the discovery rules in subdivision application proceedings. The trial court's order partially enforcing the Commission's grant of discovery is vacated.

GARRARD and RUCKER, JJ., concur.