EQUICOR DEVELOPMENT, INC., An Indiana Corporation, Thomas E. Goins, and Stephen Roudebush, Appellants (Petitioners Below),

v.

The WESTFIELD–WASHINGTON TOWNSHIP PLAN COMMISSION, Appellee (Respondent Below).

No. 29S02–0105–CV–239.

Supreme Court of Indiana.

Nov. 15, 2001.

James P. Moloy, Joseph D. Calderon, Indianapolis, Indiana, Attorneys for Appellants.

Brian J. Zaiger, Noblesville, Indiana, Attorney for Appellees.

BOEHM, Justice.

## ON PETITION FOR TRANSFER

We hold that in the absence of a claimed violation of due process or equal protection rights, or their state counterparts, it is improper to inquire into the motive behind a zoning commission's denial of a subdivider's proposed primary plat. However, under the circumstances of this case, the commission is estopped from raising the deficiencies it cited to deny the proposal.

### Factual and Procedural Background

In February 1998, Equicor submitted a primary plat to the Westfield–Washington Township Plan Commission for the development of 27.2 acres as a cluster housing development. The Technical Advisory Committee reviewed the plat and concluded that no changes were necessary.

Accordingly, the Plan Commission's staff determined that the Commission should approve the plat. At that point, the Plan Commission submitted a proposal to the Town Council to suspend Section 110, the provision in the Local Zoning Ordinance governing cluster housing. The Commission also published notice of a March 23, 1998 public hearing on Equicor's proposed plat. On March 23, the Commission approved the suspension of Section 110, but Equicor's primary plat was grandfathered and Equicor was allowed to proceed.

At the hearing on Equicor's proposal, both Plan Commission members and owners of the neighboring property expressed concern about the density of the proposed development. The Plan Commission referred the plat to the Subdivision Committee for further review. Three weeks later, on April 13, the Town Council took the final action necessary to suspend Section 110. On April 15, a subcommittee of the Subdivision Committee recommended that Equicor add additional green space and make some minor changes to the streets, and Equicor undertook to do both. The plat was returned to the full Subdivision Committee for final review and was again reviewed on April 29. On May 26, the Plan Commission voted to deny approval of the plat.

The Commission members who were polled after the vote cited a failure to comply with the requirement of Section 110 that the applicant designate two "on-site" and one-half "off-site" parking spaces, excluding garages and carports, for each one to three bedroom unit. In submitting its primary plat for approval, Equicor did not list the number and location of all the parking spaces. Equicor contended, however, that the plat showed two on-site spaces in the form of two spaces in the driveway of each unit and

curbside parking adequate for the one-half space off-site.

Equicor filed a Petition for Writ of Certiorari in the trial court, contending that the Commission's denial was "arbitrary, capricious, illegal, and contrary to law." The trial court affirmed the decision of the Plan Commission, concluding that the decision was supported by substantial evidence establishing that the denial was based on Equicor's failure to designate the number and location of parking spaces for the development. The Court of Appeals agreed with the trial court that there was substantial evidence supporting the Commission's denial of Equicor's plat, but nevertheless reversed. *Equicor Dev., Inc. v. Westfield–Washington Township Plan Comm'n*, 732 N.E.2d 215 (Ind.Ct.App.2000). The Court of Appeals found the Commission's decision was "arbitrary and capricious" because the Commission's true motive was a concern for density and because similar plats had been approved without requiring the designation of parking spaces. *Id.* at 220–24. The Court of Appeals did not address Equicor's argument that the Plan Commission, having failed to notify it of the alleged parking deficiency, was estopped from denying its permit on that basis.

### Standard of Review

Indiana Code section 4–21.5–5–14 prescribes the scope of court review of an administrative decision. That section provides that a court may provide relief only if the agency action is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. *See also Dep't of Natural Res. v. Ind. Coal*

*Council, Inc.*, 542 N.E.2d 1000, 1007 (Ind. 1989) ("[A]n administrative act is arbitrary and capricious only where it is willful and unreasonable, without consideration and in disregard of the facts and circumstances in the case, or without some basis which would lead a reasonable and honest person to the same conclusion."). Section 4–21.5–5–14(a) further provides that "[t]he burden of demonstrating the invalidity of the agency action is on the party . . . asserting invalidity." In reviewing an administrative decision, a court is not to try the facts de novo or substitute its own judgment for that of the agency. Ind.Code § 4–21.5–5–11 (1998); *accord Ind. Dep't of Envtl. Mgmt. v. Conard*, 614 N.E.2d 916, 919 (Ind.1993). This statutory standard mirrors the standard long followed by this Court. *See Town of Beverly Shores v. Bagnall*, 590 N.E.2d 1059, 1061 (Ind.1992).

■ On appeal, to the extent the trial court's factual findings were based on a paper record, this Court conducts its own de novo review of the record. *Cf. Houser v. State*, 678 N.E.2d 95, 98 (Ind.1997) ("Because both the appellate and trial courts are reviewing the paper record submitted to the magistrate, there is no reason for appellate courts to defer to the trial court's finding that a substantial basis existed for issuing the warrant."). If the trial court holds an evidentiary hearing, this Court defers to the trial court to the extent its factual findings derive from the hearing. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). Here, the trial court held an evidentiary hearing which focused primarily on the Commission's motives for rejecting Equicor's proposed primary plat and heard similar arguments on a motion to correct error. There was also a record of minutes of the Commission's meetings and legal briefs filed to the court. To the extent findings turn solely on this paper record, review is de novo. *Id.*

## I. Inquiry into "Motive" and Comparison with Other Cases

The Court of Appeals concluded that the Commission's decision was " 'arbitrary and capricious' . . . in light of the true motive behind the Commission's decision [and] their discriminatory treatment of Equicor's proposed primary plat as compared to similarly situated plats." *Equicor*, 732 N.E.2d at 223. Chief Judge Sharpnack dissented, concluding that it was improper for the majority to find arbitrary action based on inconsistency with prior Commission decisions. *Id.* at 224.

■ An inquiry into the motive of an agency action may be proper in some circumstances, notably where there is a claimed violation of rights protected by the Fourteenth Amendment. Thus, in the context of a zoning administrative action, "[a] violation of substantive due process rights is demonstrated if the government's actions were not rationally related to a legitimate state interest or were motivated by bias, bad faith, or improper motive." *John E. Long, Inc. v. Borough of Ringwood*, 61 F.Supp.2d 273, 280 (D.N.J.1998). "[A] plaintiff must show that the state administrative agency has been guilty of 'arbitrary and capricious action' in the strict sense, meaning 'that there is no rational basis for the . . . [administrative] decision.' " *Brody v. City of Mason*, 250 F.3d 432, 438 (6th Cir.2001) (holding city's grant of permit to operate business in residential neighborhood not arbitrary and capricious); *accord Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1577 (11th Cir.1989). An improper motive may also be demonstrated by evidence of extreme partisan political considerations, personal conflicts of interest and gain, or invidious discriminatory intent. *Long*, 61 F.Supp.2d at 283.

· ■ In some sense, if an agency's unstated reason for its action is incorrect as a matter of law, the action may be viewed as based on an improper motive. We think the "improper motive" required to permit examination of the agency's reasons is more restrictive than that. In significant part this conclusion is driven by practical considerations. If motivation is open to question in every case where the agency is claimed to have cited an incorrect factor for its decision, it raises the prospect of discovery of each member of the agency as a routine step toward judicial review of administrative action. This in turn escalates the potential cost and delay by an order of magnitude. The Administrative Orders and Procedures Act [1] was designed to preclude this sort of obstacle to agency action. *Cf. Thompson v. Med. Licensing Bd.*, 180 Ind.App. 333, 337, 389 N.E.2d 43, 46 (1979) ("By enacting the Administrative Adjudication Act (the Act) in 1947 the Indiana legislature recognized the basic need for unfettered action by administrative agencies operating within the sphere of their authority."). The common thread of the cases examining motive is a contention that the decision was based on considerations personal to either the applicant (e.g., race or gender discrimination) or personal to one or more members of the agency (e.g., bribery or political retaliation). We conclude that a bona fide claim of violation of due process or equal protection rights, or their state law counterparts, is required before an inquiry into the subjective motivation of the agency may be launched.

■ Equicor plausibly contends that opposition to cluster housing was the real reason for rejecting its plat. But Equicor does not claim that the agency was motivated by malice or improper outside influence. Rather, the contention is that parking designation is pretextual, and plats with similar parking designations have been approved in the past. Therefore, Equicor argues, the action is "arbitrary and capricious." In support of this view, Equicor cites the Commission's support for suspension of Section 110 as evidence that the "real" reason for disapproval was hostility to cluster housing. This contention boils down to a claim that the agency cited a proper factor but was "really" motivated by a consideration that could constitutionally have been written into the ordinance but was not. This is a claim of error, but not of denial of due process or equal protection. In the absence of a claim that the decision was the product of constitutional violation, the test of arbitrary and capricious action is whether there is no reasonable basis for the action. *Ind. Civil Rights Comm'n v. Delaware County Circuit Court*, 668 N.E.2d 1219, 1221 (Ind.1996). We think this is an objective standard, and does not turn on the subjective motivation of the agency. In this case, the Commission was objectively correct in pointing to the failure of the plat to designate the parking spaces with specificity even if, as Equicor contends, anyone with common sense could figure out that there were indeed the required number of spaces. As a result, even if failure to designate parking was not the "real" reason for disapproval, the Commission's motivation is irrelevant as a matter of law.

■ We also believe past approval of "similarly situated" plats does not establish that the Commission's decision was reversible as "arbitrary and capricious." If the basis for denial is a failure to meet a requirement of the governing ordinance, albeit one previously enforced laxly or not at all, the inquiry is not whether there are prior inconsistent decisions, but rather

1. Ind.Code 4–21.5.

whether there is substantial evidence supporting the agency's decision. As Chief Judge Sharpnack pointed out, if the administrative agency is, in effect, estopped by its prior decisions, it becomes unable to correct its errors in subsequent determinations. In short, past weak enforcement does not invalidate an otherwise valid requirement, and inquiry into the Commission's subjective motivation is improper unless there is a claimed denial of due process or equal protection.

## II. Duty to Inform Applicant of Deficiencies and Estoppel

■■■ Equicor argues that the Plan Commission's decision must be reversed because the Commission failed to raise the claimed deficiency at its first known opportunity and gave Equicor no opportunity to correct it. Given this failure, Equicor contends that the Commission is estopped from denying approval. Although the Commission asserts that Equicor did not raise this argument in the trial court and has therefore waived it on appeal, it appears that Equicor raised this contention at least twice in the trial court.

■■■ As a general matter, government entities are not subject to equitable estoppel. *State ex rel. Agan v. Hendricks Superior Court,* 250 Ind. 675, 678, 235 N.E.2d 458, 460 (1968). However, this Court has held that in certain situations application of estoppel of government entities is appropriate. *See id.; see also Cablevision of Chicago v. Colby Cable Corp.,* 417 N.E.2d 348, 356 (Ind.Ct.App.1981); *Tippecanoe County Area Plan Comm'n v. Sheffield Developers, Inc.,* 181 Ind.App. 586, 599–600, 394 N.E.2d 176, 185 (1979), *trans. denied.* Specifically, estoppel may be appropriate where the party asserting estoppel has detrimentally relied on the governmental entity's affirmative assertion or on its silence where there was a duty to

speak. *See Hendricks,* 250 Ind. at 678, 235 N.E.2d at 460 (applying estoppel to the State where the State failed to raise its objections in prior proceedings); *Sheffield,* 181 Ind.App. at 599–600, 394 N.E.2d at 185 (holding that estoppel was applicable where the County had a duty to speak and did not, and developer relied on the County's silence to its detriment); *cf. Ind. Dep't of Envtl. Mgt. v. Conard,* 614 N.E.2d 916, 921 (Ind.1993) (denying estoppel in the absence of any detrimental reliance on statements made by the government agency); *City of Crown Point v. Lake County,* 510 N.E.2d 684, 688 (Ind.1987) (same).

Although the Plan Commission suggested other changes in the plat, it was silent as to any parking issue. In response to the suggestions that were made, Equicor added green space and made minor changes to the streets, but made no changes in the apparently acceptable parking. Equicor thus relied on the Plan Commission's silence by proceeding in the reasonable belief that the plat would be approved and failing to make changes in the easily correctable flaws in the parking designation.

We are dealing here with a formal defect—failure to designate the spaces. There is no claim that the project is substantively flawed, and the Commission does not assert that the project in fact has less parking than required. As Equicor points out, the plat itself reveals driveways ("on-site") and curbside spaces ("off-site") that are apparently in compliance with the requirement of two on-site and one-half off-site spaces per unit. Raising a formal defect such as failure to designate these visible, if undesignated, spaces at the last moment permits agencies to fumble endlessly with proposals that are entirely lawful. Under these circumstances, the Plan Commission's failure to object to the undesignated spaces resulted in Equicor's

detrimental reliance thereon and, therefore, estoppel is appropriate in this case. *See Middleton Motors v. Ind. Dep't of State Revenue*, 269 Ind. 282, 286, 380 N.E.2d 79, 81–82 (1978) (DeBruler, J., dissenting).

In *Sheffield*, the Court of Appeals relied on our conclusion in *Knutson v. State ex rel. Seberger*, 239 Ind. 656, 662–64, 157 N.E.2d 469, 472–73 (1959), that once a town board has determined that a plat complies with the statutory requirements, review is a ministerial act and approval is mandatory. *See also* 83 Am.Jur.2d Zoning and Planning § 556, at 445–46 ("[W]here the applicant has met the statutory and local regulatory standards, approval of the plat is a ministerial act, and it is arbitrary as a matter of law to deny approval of a plat that meets those standards."). This holding has been reaffirmed on several occasions by the Court of Appeals. *See Hickory Hills Dev. Co. v. Coffman*, 699 N.E.2d 1214, 1216 (Ind.Ct.App.1998), *trans. denied*[2]; *Dosmann v. Area Plan Comm'n*, 160 Ind.App. 605, 312 N.E.2d 880, 884 (1974); *Suburban Homes Corp. v. Anderson*, 147 Ind.App. 419, 261 N.E.2d 376 (1970).

Here, Equicor submitted documents to and appeared before the Commission on several occasions. In February of 1998, Equicor first submitted its proposed primary plat application to the Plan Commission. The Technical Advisory Committee reviewed the application in March, and concluded that no changes to the plat were necessary. The Plan Commission staff then determined that approval should be granted. That same month, the Commission took the first step toward suspension of the section of the Local Zoning Ordinance dealing with cluster housing. At a public hearing on March 23, it was determined that the amendment would be prospective only, and Equicor's application would be unaffected. More detailed review of the plat was conducted by the Subdivision Committee, which recommended three changes to Equicor's primary plat, none of which related to the parking designation. On April 23, the Subdivision Committee reviewed Equicor's changes and referred the plat to the Commission for final review. On May 26, the Plan Commission reviewed the plat and denied approval, for the first time citing the failure to designate the number and location of parking spaces as a primary reason for its disapproval.

In sum, the Plan Commission had ample opportunity to point out any deficiency in the designation of parking, and Equicor reasonably relied on the absence of any parking issue in processing its proposal. Under these circumstances, the Commission was estopped from asserting this deficiency as the reason for its disapproval of Equicor's plat.

### Conclusion

We reverse the trial court and remand to the Westfield–Washington Township Plan Commission for final review of Equicor's proposed primary plat consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

---

**2.** *Hickory Hills* concludes that, because the approval of a plat is a ministerial rather than a discretionary act, a plan commission does not act as an administrative agency in the approval or disapproval of a plat and the rules of discovery are not applicable to subdivision application proceedings. 699 N.E.2d at 1217. We do not address this point here.