RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0162P (6th Cir.)
File Name: 01a0162p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

BONITA BRODY, MARY LOU
KEENON, and ALEX
LEBEDOVYCH,
     *Plaintiffs-Appellants,*

     *v.*

CITY OF MASON and LORRI
MCCALLA,
     *Defendants-Appellees.*

No. 99-1188

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 97-00906—Richard A. Enslen, Chief District Judge.

Argued: January 23, 2001

Decided and Filed: May 17, 2001

Before: BOGGS and MOORE, Circuit Judges; COHN,
Senior District Judge.[*]

---

[*] The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1

—————————

## COUNSEL

—————————

**ARGUED:** Curtis R. Hadley, WILLINGHAM & COTE´, East Lansing, Michigan, for Appellants. Marcia L. Howe, JOHNSON, ROSATI, LaBARGE, ASELTYNE & FIELD, Farmington Hills, Michigan, for Appellee. **ON BRIEF:** Curtis R. Hadley, WILLINGHAM & COTE', East Lansing, Michigan, for Appellants. Marcia L. Howe, JOHNSON, ROSATI, LaBARGE, ASELTYNE & FIELD, Farmington Hills, Michigan, for Appellee.

—————————

## OPINION

—————————

COHN, Senior District Judge.

### I.

This case arises from the City of Mason's grant of a special use permit allowing a property owner to operate a beauty salon in a residential neighborhood and pave the rear yard for parking. Plaintiffs are neighboring property owners who claim they have suffered damage caused by water runoff from the parking lot pavement. Plaintiffs' suit in the district court claimed that the City's grant of the special use permit and the approval process employed, which allowed them to speak at only one Planning Commission meeting, violated their federal procedural and substantive due process rights, as well as various state laws. The district court granted summary judgment in favor of the City on the grounds that even if the City did not comply with all of the relevant state statutes and local ordinances, plaintiffs were afforded notice and an opportunity to be heard in the course of the approval process (procedural due process), and the City's decisions were rational and supported by the record (substantive due process). The district court declined to exercise supplemental jurisdiction over the state law claims and remanded them back

961 F.2d 1211, 1221 (6th Cir. 1992) (quoting *Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981)). This requires a very strong showing. *Id.* ("The administrative action will withstand substantive due process attack unless it "'is not supportable on any rational basis'" or is "'willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case."'(quoting *Greenhill v. Bailey*, 519 F.2d 5, 10 n.12 (8th Cir. 1975))).

Here, the district court was correct in concluding that "the various decisions of the City, through its boards and councils and officers, have a sufficient factual basis so as to qualify as rational and legitimate state action." (JA 57) The approval of the special use permit appears to have come only after significant consideration of the arguments for and against, on numerous issues, were considered. Engineers for the City commented on the drainage issue and traffic flow, and previous use of the property was considered. Even if we thought that the decision was incorrect, the decision does not appear to be arbitrary or irrational. Accordingly, there is no violation of substantive due process.[11]

### IV.

Given that plaintiffs were allowed to participate in the special use permit decision process, and that the City sufficiently considered evidence and facts pertaining to the surrounding land before approving the special use permit and allowing the parking lot to be paved, the district court did not err in finding that plaintiffs' procedural and substantive due process rights were not violated.

—————————

[11]The City makes the additional arguments that plaintiffs' claims are barred by res judicata and failure to exhaust administrative remedies. However, in light of the foregoing discussion, the Court need not address them.

2.

Plaintiffs' argument that they were denied a meaningful hearing is unpersuasive. Although plaintiffs did not fully participate at every stage of McCalla's application process, it is undisputed that public comment was allowed on McCalla's application for a special use permit at the Planning Commission meeting, at which it was initially considered. At the Planning Commission meeting, Lebedovych spoke "until he had said everything he wanted to say." Deposition of Lebedovych at p. 90 (JA 478). Following the hearing, Lebedovych also submitted additional information in writing to the Planning Commission. Simply because Lebedovych was not allowed to speak at subsequent meetings, even if he disagreed with information that was being discussed, did not violate due process.

Although plaintiffs dispute the overall conclusion that the City reached, the evidence in the record indicates that conclusion was the result of an impartial inquiry which satisfies the requirements of due process. Beyond their bald assertions, plaintiffs have not demonstrated that any of the actions by the Planning Commission, the ZBA, or the Zoning Administrator was the result of favoritism or special treatment. Even if McCalla's position was favored by the City, it does not establish improper bias.

Finally, plaintiffs were afforded an opportunity to seek review in the state court, but chose not to pursue their claims beyond attempting to enjoin the paving of the parking lot. Accordingly, there was no violation of procedural due process.

### D. Substantive Due Process

This Court has held that to sustain a substantive due process claim, in the context of zoning administrative action, "a plaintiff must show that the state administrative agency has been guilty of 'arbitrary and capricious action' in the strict sense, meaning 'that there is no rational basis for the ... [administrative] decision.'" *Pearson v. City of Grand Blanc*,

to the state court. For the reasons that follow, we AFFIRM the district court decision.

II.

A.

In March, 1997, Lorri McCalla (McCalla) sought to purchase property located at 216 East Ash in Mason, Michigan. Plaintiffs Bonita Brody, Mary Lou Keenon, and Alex Lebedovych (collectively plaintiffs) are all neighboring property owners. At the time McCalla was looking at the property, the neighborhood was zoned residential with surrounding blocks partially zoned for commercial use. McCalla, however, wanted to operate a beauty salon on the property, so she applied to the City of Mason Planning Commission in March, 1997, for a special use permit.

Under the City of Mason's Zoning Ordinance, Article 16, a special use permit is required for all conditional uses of property.[1] (JA 89) An application for a special use permit is filed with the Planning Commission. (JA 89) Each application must include specified documents and information before it will be accepted by the Planning Commission and must comply with the same substantive requirements as an application for a building permit, including having a scaled site layout plan. (JA 83, 89)

McCalla's application, which included only a rough drawing of the building and future parking spaces, not a scaled layout plan, was discussed by the Planning Commission at a public meeting held on April 15, 1997.[2] Plaintiff Lebedovych appeared at the meeting and voiced several concerns. Deciding that it needed additional

---

[1] It is undisputed that operating a hair salon is a conditional use allowed under the Ordinance. *See* Zoning Ordinance Article 9. (JA 85)

[2] "Public meeting" refers to a meeting which is open for public attendance; not all public meetings allow for public comment, however.

information before it could resolve McCalla's application, the Planning Commission voted to table the issue until the next meeting and said that public comment on the application was closed. The public was, however, invited to submit additional written information in the interim. (JA 217-219)

On May 13, 1997, the Planning Commission held a regular meeting. After hearing from the City Attorney, the Planning Commission voted to grant McCalla the special use permit upon three conditions being satisfied.[3] Although Lebedovych was present at the meeting, the Planning Commission declined to allow him to say anything, reminding him that public comment on McCalla's application had been closed after the previous meeting. The Planning Commission, however, allowed Lebedovych to submit the notes that he had prepared in anticipation of speaking at the meeting. (JA 220-223)

Lebedovych appealed the Commission's decision to the City Council, as provided under the City's Zoning Ordinance.[4] (JA 234-241) On June 16, 1997, the City Council conducted a public meeting on Lebedovych's appeal, immediately following a regular meeting. The meeting's agenda had been publicly noticed by posting on June 13, 1997,[5] but personal

---

[3]The conditions were as follows:
1. Ensure proper drainage of parking lot.
2. Hard surfacing of parking lot
3. Grading plan to be submitted to City of Mason Building Inspector.
(JA 233)

[4]Zoning Ordinance Number 81, as amended, provides as follows: 215. *Appeals.* Appeals from decisions of the planning commission in cases involving the granting or denial of any special use permits, which are required pursuant to this article shall be filed with the city clerk and decided by the city council.

[5]Lebedovych's appeal was listed as "Review and Decide on Appeal of Planning Commission's Decision to Issue Special Use Permit for Property Located at 216 East Ash Street, Mason, MI." (JA 242)

---

the City, through the Planning Commission, the City Council, and the ZBA, failed to follow established guidelines in deciding McCalla's applications for a special use permit, and the building permits necessary to install a paved parking lot. "Violation of a state's formal procedure, however, does not in and of itself implicate constitutional due process concerns." *Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)) (stating that, "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."). Thus, the district court correctly framed the issue as whether plaintiffs were afforded the process due to protect their property rights, as opposed to whether the City necessarily conformed to each of the state and city procedural requirements.

Further, "[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Boddie*, 401 U.S. at 378. This Court has held that in the context of administrative zoning decisions, the process must provide sufficient notice to affected landowners and an opportunity to be heard in opposition. *See Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 896 (6th Cir. 1991). Applying this standard, the district court concluded that "the process afforded the [plaintiffs, met] these requirements." In so concluding, the district court acknowledged the multitude of procedural violations alleged by the defendants, but held that whether the procedures were proper was a matter of state law. Accordingly, such violations are only relevant to our decision here if such violations deprived plaintiffs of due process.

was not required of the City Council meeting and its date and agenda were publicly noticed (Additionally, the City Council decided Lebedovych's appeal looking only at the record, so additional comment from Lebedovych was unnecessary); (4) notice of the minutes of the approval (and even the appeal itself) was not required because MICH. COMP. LAWS § 125.585(8) is inapplicable when an appeal goes not to the ZBA, but to the City Council, which "may establish rules to govern its procedures as a board of appeals," MICH. COMP. LAWS § 125.585; and (5) plaintiffs could have, and did, challenge the City's action in circuit court, but declined to pursue the case.

In sum, plaintiffs assert that they were denied a *meaningful* hearing and *meaningful* notice, that there was favoritism shown to McCalla, and that there was a plan designed to impair their opportunity to seek legal redress. Plaintiffs further claim that the City's actions were arbitrary and irrational (substantive due process violation). Defendants respond that the City's decision to grant the special use permit was a rational exercise of its discretion, and plaintiffs were afforded adequate opportunity to be heard.

### B. Jurisdiction

This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. An appellate court reviews a grant of summary judgment *de novo*. *Smith v. Ameritech*, 129 F.3d 857 (6th Cir. 1997).

### C. Procedural Due Process

#### 1.

A person's right not be deprived of property without due process of law is a fundamental tenet of federal constitutional law. *See Boddie v. Connecticut*, 401 U.S. 371, 379 (1971) (holding that the "root requirement" of due process is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest."). Here, plaintiffs allege a number of ways in which

notice was not sent to plaintiffs or the other neighboring property owners.[6] Plaintiffs were not present at the meeting; McCalla, however, attended the meeting and was allowed to address the City Council. Based on the record before the Planning Commission, the City Council voted to affirm the Planning Commission's decision.[7] A letter announcing the City Council's decision was sent to Lebedovych on June 23, 1997. (JA 321) Plaintiffs attended a subsequent City Council meeting held on July 21, 1997 to contest the City Council's decision and were allowed to speak. They were told that their only recourse was to go to the circuit court. (JA 339-344)

#### B.

McCalla purchased the property on June 25, 1997 (JA 404-409) and, going forward on the construction of the parking lot, submitted drainage and excavation plans to the City's Zoning Administrator.[8] The plans were approved by the Zoning Administrator on June 23, 1997. After the paving of the parking lot was completed, it was inspected and approved by the Zoning Administrator on August 8, 1997. Plaintiff Keenon subsequently appealed the Zoning Administrator's approval of the paving to the City's Zoning Board of Appeals (ZBA).[9] (JA 461) A hearing on the appeal was held on September 10, 1997 at which all three plaintiffs spoke,

---

[6] Plaintiffs say that under MICH. COMP. LAWS § 125.585, plaintiffs should have been personally notified because they are neighboring property owners located within 300 feet of the subject property.

[7] This decision took effect on June 23, 1997, when the City Council called a special meeting and approved the minutes of the June 16, 1997 meeting. (JA 251, 321) Notice of the special meeting was publicly posted on June 19, 1997. (JA 322)

[8] The Zoning Administrator is also referred to as the Building Inspector. (JA 440)

[9] No one seems to dispute the right of plaintiff Keenon to appeal the Zoning Administrator's approval of the plans. Functionally, the approval appears to be, in fact, a building permit.

expressing their objections to the Zoning Administrator's approval because McCalla had not submitted an adequate grading plan. In addition to hearing from the Mayor, the Zoning Administrator, and the City Engineer, the ZBA also heard from an architect brought to the meeting by plaintiffs who told the ZBA that the parking lot did not have adequate drainage. After considering the issue for almost 5 hours, the ZBA denied the appeal on the grounds that plaintiffs had failed to preserve the issue because plaintiffs had not appealed within 10 days of the Zoning Administrator's decision. (JA 109-190) Plaintiffs, however, say that it was impossible to appeal the decision, as they did not have notice of the approval until after the 10 days had passed.

Lebedovych went on to file six more appeals contesting various decisions of the Zoning Administrator and the Planning Commission.[10] The appeals were each deemed untimely, or lacking in jurisdiction. Keenon also filed another appeal with the ZBA which ended with the affirmation of the Zoning Administrator's determination.

McCalla was eventually given a Certificate of Occupancy for the hair salon on September 9, 1997.

### C.

Plaintiffs filed suit in state circuit court on August 1, 1997, seeking to enjoin construction of the parking lot and alleging many of the same issues as in this case. (JA 326-331) Plaintiffs' motion for preliminary injunction was denied on August 4, 1997, and the case was dismissed with prejudice on December 4, 1997 for lack of progress. (JA 335, 338)

Plaintiffs filed the instant case in Ingham County Circuit Court and defendants removed it to federal court on October 27, 1997 on the basis of federal question jurisdiction. 28 U.S.C. § 1331. The district court granted summary judgment in favor of the defendants on the federal due process claims,

---

[10]The nature of the appeals is unclear from the record.

and remanded the remaining state law claims to the state court on January 21, 1999. This appeal followed.

### III.

#### A. Parties' arguments

On appeal, plaintiffs assert that their procedural due process rights were violated as follows: (1) when Lebedovych, but not McCalla, was denied an opportunity to speak at the second Planning Commission meeting, even though there was no public comment period (Lebedovych says that more comment was needed because he disagreed with the city attorney's opinion that use of the alley for ingress and egress to McCalla's parking lot would not violate the law, and he knew that there was "misinformation" in front of the planning commission); (2) when the Planning Commission failed to make any written findings, as mandated by Art. 16, § 203 of the Zoning Ordinance; (3) when Lebedovych and the other plaintiffs were not personally notified of the date the City Council heard Lebedovych's appeal of the Planning Commission's decision, although notice of the meeting and its agenda was publicly posted; (4) when the City Council submitted the minutes of the meeting at which Lebedovych's appeal was decided for approval at a special session, on June 23, 1997, following the conclusion of a school board meeting, rather than at the next scheduled City Council meeting (plaintiffs say this amounted to "specific action to impede plaintiffs' ability to seek legal redress); and (5) when plaintiffs' appeal of the Zoning Administrator's approval of the parking lot paving was denied as untimely even though plaintiffs were notified of the decision only after the period for objecting had run.

The City responds as follows: (1) all the plaintiffs had the opportunity to comment on McCalla's special use permit application at the first Planning Commission meeting, which Lebedovych did; (2) specific written findings of fact are not required, and the Planning Commission meeting minutes set forth the general standards followed, as well as the specific findings on which the approval was based; (3) personal notice