**Joseph R. ZIEGLER, Plaintiff–Appellant,**

v.

**State of MICHIGAN, et al., Defendants–Appellees.**

No. 03–1773.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2004.

Joseph R. Ziegler, pro se, Livonia, MI, for Plaintiff–Appellant.

Julia R. Bell, Asst. Atty. General, Linda M. Olivieri, Lansing, MI, for Defendants–Appellees.

Before SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

## ORDER

Joseph R. Ziegler appeals pro se the final judgment for defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ziegler filed this complaint against the state of Michigan and a number of its officials and employees. He alleged six claims for relief: 1) the requirement that he give the state a DNA sample before being paroled violated his First Amendment rights; 2) Michigan denies prisoners' state freedom of information requests; 3) a female prison guard retaliated against him for filing grievances by falsely charging him with misconduct; 4) some of his mail had been rejected by prison employees in violation of state regulations; 5) his Eighth Amendment rights had been violated when he was placed on camera surveillance rather than direct personal observation while on suicide watch; and 6) some of his prison misconduct convictions had been reversed on rehearing. He also sought a temporary restraining order or preliminary injunction, and class certification.

The matter was referred to a magistrate judge, who recommended that several of the claims be dismissed for failure to state a claim. The district court adopted this recommendation over Ziegler's objections. The magistrate judge later recommended denying class certification, and the motion for injunctive relief, as well as recommending that summary judgment be granted to defendants on the remaining claims. The district court adopted these recommendations as well, over Ziegler's objections, and entered final judgment for defendants. Ziegler reasserts all of the arguments raised below in his brief on appeal.

Upon review, we conclude that a number of the claims asserted in the complaint were properly dismissed for failure to state a claim, including the claim that taking DNA samples violated Ziegler's First Amendment rights, *Shaffer v. Saffle,* 148 F.3d 1180, 1181–82 (10th Cir.1998), the claim that Michigan was required to grant state freedom of information requests by prisoners, and the claim that some of Ziegler's mail was rejected in violation of state regulations, as violations of state rules do not state a claim under 42 U.S.C. § 1983. *Brody v. City of Mason,* 250 F.3d 432, 436 (6th Cir.2001). Finally, Ziegler's claim that some of his misconduct convictions were reversed on rehearing is nonsensical, as he could not have been aggrieved by such an outcome. Moreover, the magistrate judge properly noted that Ziegler had failed to exhaust any administrative remedies with regard to this claim. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

■■■ Defendants were properly granted summary judgment on Ziegler's remaining claims of retaliation and an Eighth Amendment violation, as there was no genuine issue of material fact, and defendants were entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to state a claim of retaliation, Ziegler was required to demonstrate that he engaged in protected conduct, that a defendant took an action against him sufficient to deter such conduct, and that his protected conduct was the motivating factor for defendant's action. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Filing a frivolous prison grievance is not protected conduct. *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000). In this case, Ziegler alleged that the defendant prison guard falsely charged him with misconduct in retaliation for a grievance he had filed against her. The only grievance Ziegler had filed against the guard in question was many months earlier, and was frivolous, as it complained that she should not be able to conduct a non-invasive pat-down search of Ziegler. Therefore, Ziegler failed to establish the essential elements of a retaliation claim. Defendants were also entitled to summary judgment on Ziegler's Eighth Amendment claim, in which he argued that he should have been personally observed while on suicide watch, rather than placed on camera surveillance. In order to state a claim under the Eighth Amendment, Ziegler was required to establish more than ordinary lack of due care for his safety. *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). In fact, the record in this case shows that camera surveillance was sufficient for defendants to prevent Ziegler from committing suicide.

■■■ The district court did not abuse its discretion in denying Ziegler's motion for injunctive relief, *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir.1996), or his motion for class certification. *Coleman v. GMAC,* 296 F.3d 443, 446 (6th Cir.2002). The magistrate judge properly noted that Ziegler had not exhausted administrative remedies on the issues on which he sought injunctive relief. *Brown,* 139 F.3d at 1104. All claims which applied to the alleged class were dismissed in the first dispositive order, and non-attorneys proceeding pro se cannot adequately represent a class. *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir.2000).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.