# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 14, 2005 Session

## BENEFICIAL TENNESSEE, INC. v. THE METROPOLITAN GOVERNMENT, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 02-801-III    Carol McCoy, Chancellor

---

### No. M2004-01071-COA-R3-CV - Filed March 8, 2006

---

The trial court held that the due process clause of the Fourteenth Amendment was violated by sending notice to a mortgagee of an impending tax sale of the mortgaged property by regular mail. We reverse.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

J. Douglas Sloan, III, John Kennedy, Nashville, Tennessee, for the appellant, Metropolitan Government of Nashville and Davidson County, Tennessee.

Richard J. Myers, Forest J. Dorkowski, Memphis, Tennessee, for the Appellee, Beneficial Tennessee, Inc.

### OPINION

The issue on appeal is whether the Metropolitan Trustee's Office ("Metro Trustee") is required by due process to notify mortgagees by certified mail, as opposed to regular mail, that it is preparing to sell the secured property to collect delinquent taxes. As set out below, the parties stipulated to the majority of the facts at trial.[1] The trial court found that if notice is to be delivered by mail then failure to send the notice by certified mail, return receipt requested, violated the lienholder's constitutional right not to be deprived of property without due process under the Fourteenth Amendment.

---

[1]The parties make reference to testimony of the hearing on this matter. No transcript was provided on appeal. Since our analysis and resolution is not dependent on any facts outside the parties' stipulation, the omission of the transcript has no bearing on this appeal.

The parties stipulated to the following relevant facts. Beneficial Tennessee, Inc. ("Beneficial") during the course of its consumer finance business loaned money to David Owens in 1995 secured by a deed of trust on property located in Davidson County, Tennessee. Mr. Owens did not pay the 1996 real property taxes on the mortgaged property. The Metropolitan Trustee's Office ("Metro Trustee") mailed Beneficial a letter in 1996 notifying Beneficial that the property was going to be sold for failure to pay 1996 county property taxes. Beneficial acknowledged receiving this letter and as a result the 1996 taxes were paid.

By 1998, Mr. Owens was again delinquent in paying his county property taxes. On June 2, 1998, the Metro Trustee obtained a default judgment against Mr. Owens for failure to pay property taxes totaling $2,070. The court set a tax sale of the property for August 5, 1998, to satisfy the tax judgment lien. It is not disputed that Mr. Owens received appropriate notice of the delinquency, suit and tax sale. Apparently, he failed to notify Beneficial that its collateral was at risk.[2]

The Metro Trustee searched the real estate records and located Beneficial's mortgage and the post office box address provided by Beneficial in the mortgage. The Metro Trustee prepared a letter on July 23, 1998 to be sent to Beneficial by regular mail to the address provided in the mortgage. This letter advised Beneficial that the property was set to be sold for taxes on August 5, that the tax sale will divest Beneficial of its lien, and that the redemption period is one year. The Metro Trustee also published notice of the impending tax sale for two weeks in the Tennessean and Nashville Record. It is the practice of the Metro Trustee to send property owners notice of a tax sale by certified mail, return receipt requested. With regard to lienholders, however, the Metro Trustee's policy, practice, procedure or custom in 1998 was to send mortgagees notices of tax sale by regular U.S. mail and did not provide for certified mail.

On August 5, 1998, the property was sold at a tax sale to Steve Turmen. Thereafter, in September of 1999, Beneficial's one-year right to redeem the property after a tax sale expired. Beneficial denies it received the notice letter or that it was aware of the published notices of the August tax sale.

Over three years after the tax sale, in March of 2002, Beneficial filed suit against the Metropolitan Government of Nashville and Davidson County ("Metro") seeking damages under 42 U.S.C. § 1983 alleging Metro failed to provide adequate notice to Beneficial of the delinquent taxes and scheduled tax sale in violation of Tenn. Code Ann. § 67-5-2502 and due process under the Tennessee and United States Constitutions.[3]

---

[2]On July 28, 1998, Beneficial, apparently ignorant of the tax delinquency, refinanced Mr. Owens's loan and seems to have increased the loan amount.

[3]The record is not clear, but according to the complaint in June of 2000 Beneficial sued Metro and Mr. Owens sued the new property owners in federal court under unspecified causes of action. The complaint states that Mr. Owens's action was dismissed. While it appears from the allegations in the complaint that the district court dismissed Beneficial's action, Beneficial allegedly filed an appeal to the 6th Circuit. We have no explanation of the status of that appeal. This

(continued...)

The parties filed cross motions for summary judgment and on the day of the hearing filed a stipulation of the relevant facts. The trial court found the following:

> due process requires that the beneficiary of a recorded mortgage encumbering real property ("Mortgagee") receive actual notice of a tax sale from the governmental entity conducting the tax sale; the methods for ensuring actual notice to a Mortgagee are those set forth in Tenn. R. Civ. P. 4; if notice by mail is pursued, then notice must be forwarded by certified mail, return receipt requested, as set forth in Tenn. R. Civ. P. 4; Defendant's policy, practice and/or procedure of sending a Mortgagee notice of a tax sale by regular mail ("Defendant's policy") is unconstitutional pursuant to the United States Constitution, Fourteenth Amendment, Due Process Clause; Plaintiff did not receive notice of the tax sale and Plaintiff's mortgage was thus extinguished due to Defendant's policy; and Plaintiff has been damaged by Defendant's policy.

The trial court then awarded Beneficial $144,726.26 in damages.[4]

## I. STATE LAW QUESTIONS

There is some discussion on appeal regarding whether the Metro Trustee's practice of sending notice to lienholders by regular mail violated Tenn. Code Ann. § 67-5-2502 or the Tennessee Constitution. The trial court, however, based its ruling solely on the due process clause of the United States Constitution since the only cause of action alleged was under 42 U.S.C. § 1983.

In the transcript of the court's findings of facts and conclusions of law incorporated into the court's order, the trial court found:

> the Metropolitan Government is correct that a claim under Title 43 United States Code 1983 cannot be brought for violation of a state law or state constitutional violations.

In their briefs, both parties concur with the trial court that state law, whether statutory or constitutional, cannot be the basis of a claim under 42 U.S.C. § 1983. A claim under 42 U.S.C. § 1983 can only be brought "for deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982). Therefore, allegations of state law violations are not sufficient to support a Section 1983 claim. *Neinast v. Board of Trustees of Columbus*, 346 F.3d 585, 597 (6th Cir. 2003); *White v. Olig*,

---

[3] (...continued)
appears to explain why the statute of limitations was not raised.

[4] Beneficial sued solely under Section 1983 for money damages and did not request injunctive relief or an invalidation of the tax sale. *See Bullington v. Greene County*, 88 S.W.3d 571, 581 (Tenn. Ct. App. 2002) (tax sale void due to constitutionally deficient notice); *Sunburst Bank v. Patterson*, 971 S.W.2d 1, 5-6 (Tenn. Ct. App. 1997) (tax sale set aside due to inadequate notice to lienholder).

56 F.3d 817, 820 (7th Cir. 1995). An alleged violation of a state constitution is not cognizable under Section 1983, *Radvonsky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Similarly, violation of state procedure that does not violate federal law is not a viable basis for a claim under 42 U.S.C. § 1983. *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1423 (6th Cir. 1996).[5]

Because the only cause of action alleged in the complaint is under 42 U.S.C. § 1983, we must confine ourselves to the question whether Metro violated the due process clause of the United States Constitution.

## II. FEDERAL DUE PROCESS VIOLATIONS

The trial court found the Metro Trustee's acknowledged practice of using regular mail, as opposed to certified mail, to provide lienholders notice of a tax sale violated the due process clause of the United States Constitution. The question before us, therefore, is purely legal - whether service by regular mail, together with publication, is constitutionally sufficient notice to lienholders of a tax sale under the due process clause of the Fourteenth Amendment. Consequently, no presumption of correctness attaches to the trial court's conclusions of law. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Whether through stipulation by the parties or established law, many of the factual and legal issues surrounding this matter are not at issue. Beneficial does not dispute that the county property taxes on the subject property were delinquent and that the Metro Trustee proceeded properly under Tenn. Code Ann. § 67-5-2401 *et seq*. to sell the property in order to collect the taxes. The parties stipulated that the Metro Trustee took the appropriate steps to identify Beneficial, the nature of Beneficial's interest, and Beneficial's correct address. Furthermore, the parties agreed that the Metro Trustee's practice and custom was to send notices to lienholders of tax sales by regular U.S. mail. The parties agreed that such a notice was prepared to be mailed to Beneficial. Metro does not challenge the trial court's finding that Beneficial, however, did not receive the notice.

It is not disputed that in order to prevail under 42 U.S.C. § 1983, Beneficial must establish that the Metro's Trustee's practice is unconstitutional. A municipality is liable under Section 1983 only if plaintiff's constitutional rights are deprived because of a governmental policy, procedure, or custom.[6] *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36 (1978). As the trial court noted, whether an employee negligently failed to mail the notice to Beneficial may not be the subject of a 42 U.S.C. § 1983 action, since an isolated clerical act is not a policy, procedure, or custom. Metro does not dispute that Beneficial's interest as a lienholder is a protected property interest that may not be disturbed absent due process of law under the Fourteenth

[5]It is important to note that Beneficial does not allege an equal protection violation under the federal constitution based on discriminatory application of state law or procedure.

[6]Whether and to what extent Metro is liable for the negligence of its employees in a particular situation would be the subject of a claim under state law which Beneficial did not bring.

Amendment. *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711 (1983). The parties agree that since Beneficial's address was in the public records and readily ascertainable, then notice by publication alone is not sufficient, and due process is satisfied if notice of the tax sale is mailed to Beneficial. The issue narrows to the simple question whether Metro's practice of sending notices to lienholders by regular mail deprives Beneficial of its constitutional rights or whether due process requires a more aggressive method of providing notice such as by certified mail, return receipt requested.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652 (1950) the United States Supreme Court found that notice by publication to beneficiaries of a common trust fund was not sufficient under the due process clause and established the touchstone criteria for due process analysis.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

339 U.S. at 314, 70 S.Ct. at 657.

Finding that publication alone did not satisfy this test for those beneficiaries whose address could be located with due diligence, the court then discussed notice by mail to these entities:

> . . . within the limits of practicability notice must be such as is reasonably calculated to reach interested parties. Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.
>
> The trustee has on its books the names and addresses of the income beneficiaries represented by appellant, and we find no tenable ground for dispensing with a serious effort to inform them personally of the accounting, at least by ordinary mail to the record addresses.
>
> . . .
>
> The statutory notice to known beneficiaries [publication] is inadequate, not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand. However, it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication.

339 U.S. at 318-19, 70 S.Ct. at 659-60.

The Supreme Court in *Mennonite* discussed at length the property interest and notice requirements when a local government sells a lienholders' collateral to collect delinquent property taxes. In *Mennonite*, the Supreme Court found that where, as here, the mortgagee is reasonably identifiable[7] then notice of a tax sale by publication "must be supplemented by notice mailed to the mortgagee's last known address, or by personal service." *Mennonite*, 462 U.S. at 798, 103 S.Ct. of 2711. Throughout the *Mennonite* opinion, the Court referred to the required notice as "mailed notice" without mentioning any additional requirements, including but not limited to certified, return receipt requested, mail.

> The County's use of these less reliable forms of notice [publication] is not reasonable where, as here, "an inexpensive and efficient mechanism such as mail service is available." *Greene v. Lindsey, supra* 456 U.S., at 455, 102 S.Ct., at 1881.

> Personal service or mailed notice is required even though sophisticated creditors have means at their disposal to discover whether property taxes have not been paid and whether tax sale proceedings are therefore likely to be initiated.

> . . .

> But it does not follow that the State may forego even the relatively modest administrative burden of providing notice by mail to parties who are particularly resourceful. *New York, v. New York, N.H. & H.R. Co., supra*, 344 U.S., at 297, 73 S.Ct., at 301. **Notice by mail or other means as certain to ensure actual notice** is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.

462 U.S. at 799, 103 S.Ct. at 2712. (emphasis added).

Tennessee courts have consistently applied the holding in *Mennonite* to cases involving notices of tax sales. *Bullington v. Greene County*, 88 S.W.3d at 577; *Sunburst Bank v. Patterson*, 971 S.W.2d 1 (Tenn. Ct. App. 1998) (Shelby County Trustee's practice of sending notice of the tax sale only to the address of the subject property violated the mortgagee's due process rights when the mortgagee's address was readily ascertainable from the deed).

While certified mail may very well be "better" notice and the Metro Trustee may elect to use this notice in the future, we must conclude that it is not constitutionally mandated. Beneficial was unable to cite to us a single case where it was held that minimum due process requires that notice

---

[7]The Court found since the mortgagee is identified in a publically recorded mortgage media then it is reasonably identifiable. *Mennonite*, 462 U.S. 798, 103 S.Ct. at 2711.

of a tax sale to a lienholder must be sent certified mail, return receipt requested.[8] The Supreme Court in *Mennonite* found regular mail to be a sufficient means to provide lienholders notice of a tax sale. The fact that Beneficial did not receive the notice in this instance does not nullify the efficacy of the use of regular mail. The Supreme Court in *Mullane* recognized that in order to meet minimum due process requirements, the method of notice need not be fail proof since "constitutional law, like other mortal contrivances, has to take some chances." *Mullane*, 339 U.S. at 319. 70 S.Ct. at 660, citing *Blinn v. Nelson*, *supra*, 222 U.S. at page 7, 32 S.Ct. at page 2.

Because Constitutional due process does not require the adoption of other, more expensive delivery methods, we find that the Metro Trustee's practice of sending notice to lien holders of a tax sale by regular mail does not violate due process.

For these reasons the judgment of the trial court is reversed. Costs are assessed against the appellee, Beneficial, Tennessee, Inc., for which execution may issue if necessary.

PATRICIA J. COTTRELL, JUDGE

---

[8]On the contrary, in *DePiero v. City of Macedonia*, 180 F.3d 770, 787-88 (6th Cir. 1999) the Sixth Circuit found that service of a summons by regular mail met due process requirements and specifically found that certified mail would not ensure receipt.