CITY OF CHARLESTOWN ADVISO-
RY PLANNING COMMISSION,
Appellant–Respondent,

v.

KBJ, LLC, Appellee–Petitioner.

No. 10A01–0704–CV–201.

Court of Appeals of Indiana.

Jan. 22, 2008.

Rehearing Denied March 13, 2008.

David A. Lewis, Jeffersonville, IN, Attorney for Appellant.

Michael G. Naville, Lorch & Naville, LLC, Steven A. Gustafson, The Law Office of Richard R. Fox, New Albany, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

The City of Charlestown Advisory Planning Commission ("Planning Commission") appeals the trial court's granting of a petition for writ of certiorari filed by KBJ, LLC ("KBJ"). We affirm in part and reverse in part.

### Issues

The Planning Commission raises three issues, which we consolidate and restate as:

I. whether the trial court properly granted KBJ's petition for writ of certiorari; and

II. whether the trial court properly awarded attorney fees to KBJ.

### Facts

KBJ is a business organization with Ken DeWeese, Bob Bitner, and Jesse Ballew as members. On February 12, 2002, Ballew applied to Clark County for the approval of Danbury Oaks subdivision.[1] The approximately fifty-six-acre development was to be a residential subdivision in Clark County. Danbury Oaks was designed in accordance with the Clark County Subdivision Control Ordinance. At the time of filing, Danbury Oaks was outside of the Charlestown city limits and was located in the "two mile fringe" surrounding Charlestown. Tr. p. 194.

On February 22, 2002, after KBJ became involved in the development of Danbury Oaks, KBJ filed an application for the approval of Danbury Oaks with the Planning Commission. Although Danbury Oaks did not conform to the Charlestown subdivision ordinance and was not within the city limits, the Planning Commission approved the subdivision on February 6, 2003. KBJ sought no further approval from the County, and construction on Danbury Oaks began on April 1, 2003. Approximately thirty-five houses have been built in Danbury Oaks.

On February 14, 2003, an ordinance annexing Danbury Oaks into Charlestown was signed. The ordinance was recorded on June 6, 2003.

On April 6, 2004, KBJ submitted a revised subdivision plat for Danbury Oaks. The replat called for minor changes to the

---

1. The subdivision was originally named Emerald City and some of KBJ's applications and submissions referred to the subdivision as such. To avoid confusion, we refer to the subdivision as Danbury Oaks.

drainage swale and lot lines. That same day the Planning Commission approved the replat.

On February 6, 2006, KBJ filed a lawsuit against Charlestown regarding water and sewers tap-in fees. After the lawsuit was filed, the Planning Commission notified KBJ that it could not locate the original copy of the 2004 replat. At the July 11, 2006 Planning Commission meeting, KBJ informed the Planning Commission that it too could not locate the original copy of the replat and submitted another plat for approval.[2] The Planning Commission denied the reapproval of the replat on the basis that Danbury Oaks did not comply with Charlestown subdivision ordinance.[3]

On July 28, 2006, KBJ filed a petition for writ of certiorari. A hearing on the petition was held on October 16 and 17, 2006.[4] On March 23, 2007, the trial court concluded that the Planning Commission acted in bad faith and that KBJ was entitled to relief. The trial court ordered, "The decision of the Plan Commission in denying KBJ's plat for subdivision is reversed and vacated, and is found to be illegal, arbitrary and capricious. An award of attorney's fees and costs pursuant to Ind.Code § 36–7–4–1010 is appropriate." App. p. 15. The Planning Commission now appeals.

### Analysis

#### I. *KBJ's Petition*

■ The Planning Commission argues that the trial court erroneously granted KBJ's certiorari petition because the Planning Commission properly denied KBJ's

request to reapprove the replat. Indiana Code Section 4–21.5–5–14 provides that a court may provide relief only if the agency action is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. *Equicor Dev., Inc. v. Westfield–Washington Twp. Plan Comm'n,* 758 N.E.2d 34, 36 (Ind. 2001). In reviewing an administrative decision we do not try the facts de novo or substitute our own judgment for that of the agency. *Id.* at 37 (citing Ind.Code § 4–21.5–5–11). "This statutory standard mirrors the standard long followed by this Court." *Id.*

■ The Planning Commission first claims that it lacked subject matter jurisdiction to approve the 2006 replat. The Planning Commission argues:

> While the City's past plan commission had jurisdiction to review and approve or disprove re-plats, Ind.Code § 36–7–4–405(a)(2), its jurisdiction is limited to determining whether the subdivision plat complies with "standards prescribed by the subdivision control ordinance." Ind.Code § 36–7–4–702(a). In this case, all parties concede that the re-plat does not comport to Charlestown's subdivision control ordinance; rather it complies with the subdivision control ordinance under which it was given primary

---

**2.** The Planning Commission states that the 2004 and 2006 replats were not the same, but does not point out the differences between the two.

**3.** In 2004, there was a change in Charlestown's city administration.

**4.** On October 16, 2006, an engineer for KBJ located the missing original signed replat in his files and testified to such at the October 17, 2006 hearing. On appeal, neither party argues that the issue of the denial of the 2006 replat is moot.

and secondary plat approval—that of Clark County.

Appellant's Br. pp. 10–11.

However, as in *Robert Lynn Co. v. Town of Clarksville Board of Zoning Appeals,* 867 N.E.2d 660, 671–72 (Ind.Ct.App. 2007), *trans. denied,* which involved a similar argument, the Planning Commission mischaracterizes the alleged error as jurisdictional. The *Robert Lynn* court observed:

> In *K.S. v. State,* 849 N.E.2d 538 (Ind. 2006), our supreme court clarified that, in the judicial context, there are only two kinds of jurisdiction: subject matter jurisdiction, which is "the power to hear and determine cases of the general class to which any particular proceeding belongs[,]" and personal jurisdiction, which "requires that appropriate process be effected over the parties." *Id.* at 540. The court noted that "[a]ttorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension. The fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction." *Id.* at 541. The court further explained, "Real jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.* at 542.

*Robert Lynn,* 867 N.E.2d at 672 (alteration in original). As in *Robert Lynn,* the issue here is not whether the Planning Commission had the authority to reapprove a replat; it is undisputed that the Planning Commission is authorized to do so. Instead, the Planning Commission is arguing that it may not reapprove a replat that does not comply with the Charlestown subdivision ordinance. Whether the replat complies with the Charlestown subdivision ordinance, however, involves an alleged legal error. It does not implicate the Planning Commission's subject matter jurisdiction. *See id.* at 673. The Planning Commission has not established that it lacked subject matter jurisdiction to reapprove the replat.

■ The Planning Commission goes on to argue, "The fact that the previous city administration overstepped its legal bounds does not, and should not, justify, obligate or require the current city administration to overstep its legal bounds." Appellant's Br. p. 12. The Planning Commission relies on *Equicor* for the proposition that it was not required to reapprove the nonconforming replat. In that case, our supreme court stated:

> We also believe past approval of "similarly situated" plats does not establish that the Commission's decision was reversible as "arbitrary and capricious." If the basis for denial is a failure to meet a requirement of the governing ordinance, albeit one previously enforced laxly or not at all, the inquiry is not whether there are prior inconsistent decisions, but rather whether there is substantial evidence supporting the agency's decision. As Chief Judge Sharpnack pointed out, if the administrative agency is, in effect, estopped by its prior decisions, it becomes unable to correct its errors in subsequent determinations. In short, past weak enforcement does not invalidate an otherwise valid requirement, and inquiry into the Commission's subjective motivation is improper unless there is a claimed denial of due process or equal protection.

*Equicor,* 758 N.E.2d at 38–39.

This case, however, does not involve the Planning Commission's past approval of other "similarly situated" plats and the denial of the 2006 replat. Instead, this

case involves the past approval of KBJ's original plat for Danbury Oaks in 2003, the approval of the replat of Danbury Oaks in 2004, and the denial of the KBJ's request for reapproval of the replat of Danbury Oaks in 2006. In this regard, *Equicor* is not on all fours with this case.

The Planning Commission also makes a somewhat circular argument—that it could not have approved a subdivision outside of the city limits and that it could not have approved a subdivision that was not in compliance with the Charlestown subdivision ordinance.[5] Further complicating the matter is that at the time of the 2003 plat approval Danbury Oaks had not yet been annexed by Charlestown. At the time of the 2004 replat approval, however, Danbury Oaks had been annexed by Charlestown. Regardless, the Planning Commission approved both the original plat and the replat.[6]

 However, neither of these actions was timely challenged by the Planning Commission.[7] As a general matter, government entities are not subject to the doctrine of equitable estoppel. *Equicor*, 758 N.E.2d at 39. There are certain situations, however, in which the application of the doctrine of estoppel is appropriately applied to government entities. *Id.* "Specifically, estoppel may be appropriate where the party asserting estoppel has detrimentally relied on the governmental entity's affirmative assertion or on its silence where there was a duty to speak." *Id.*

Since the 2003 approval, approximately thirty-five houses have been built, KBJ has invested a significant amount of money in Danbury Oaks's infrastructure, and the land where Danbury Oaks is located has been annexed by Charlestown. Further, the Planning Commission had ample opportunity to point out that Danbury Oaks complied with the Clark County subdivision ordinance, not the Charlestown subdivision ordinance, but did not do so. It is clear that KBJ detrimentally relied on the 2003 and 2004 approvals. In fact, the Planning Commission even asserts, "As a matter of hard reality, the City recognizes that roads, sewer lines, and houses have been built at Danbury Oaks subdivision on the strength of plat approvals given by the past plan commission." Appellant's Br. p. 15. That the political winds in Charlestown have changed is not a sufficient basis for now denying the reapproval of the replat.

The Planning Commission is estopped from asserting that Danbury Oaks does not comply with the Charlestown subdivision ordinance. *See Equicor*, 758 N.E.2d at 40 ("In sum, the Planning Commission

---

5. The outcome sought by the Planning Commission is unclear. In its brief, the Planning Commission explains:

> [T]he City recognizes that this Court will not order the houses razed or the infrastructure demolished, upended or relocated. The City has never asked for that. Indeed, the City agreed that KBJ "be allowed to continue marketing, selling, and closing on all current lots on which there is construction, a contract or negotiations for sale pending in Section One of the Danbury Oaks subdivision" (App. 71A, ¶ 3). This is not a case about nullifying secondary plat approval of Section #1 of Danbury Oaks subdivision. It is about whether a revised

plat, a replat, of Section #1 must be approved.

Appellant's Br. p. 16.

6. The current Planning Commission president, Charles Ledbetter, testified that when he voted to approve the 2004 replat, he "voted under the assumption that it was done properly before ..." Tr. p. 306. This claim, however, is insufficient to nullify or invalidate the 2004 approval of the replat.

7. We note the irony of the Planning Commission challenging its own decisions. Nevertheless, the Planning Commission is currently taking such a position.

had ample opportunity to point out any deficiency in the designation of parking, and Equicor reasonably relied on the absence of any parking issue in processing its proposal. Under these circumstances, the Commission was estopped from asserting this deficiency as the reason for its disapproval of Equicor's plat."). Accordingly, the Planning Commission's refusal to reapprove the replat was arbitrary and capricious. The trial court properly granted KBJ's petition for writ of certiorari.

## II. Attorney Fees

■ Pursuant to Indiana Code Section 36–7–4–1010, the trial court awarded KBJ attorney fees and costs.[8] The Planning Commission claims that this statute does not permit such an award. KBJ argues that the attorney fee issue is untimely because the specific amount of the award has not yet been determined.

We disagree with KBJ. Although the amount of fees has not yet been determined, the trial court specifically ordered an award of attorney fees for KBJ in its final order, which provided, "An award of attorney's fees and costs pursuant to Ind. Code § 36–7–4–1010 is appropriate." App. p. 15. The Planning Commission properly raised this issue in this appeal as opposed to further litigating the issue after the trial court later determines the exact amount of the attorney fee award.

Indiana Code Section 36–7–4–1010 provides in part:

(a) Costs may not be allowed against the board of zoning appeals unless it appears to the court that the board acted with gross negligence or in bad faith in making the decision brought up for review.

As KBJ points out, under certain circumstances, the final decision of a plan commission may be reviewed by certiorari procedure in the same manner as the appeal of a decision of a board of zoning appeals. *See* Ind.Code § 36–7–4–1016. Thus, KBJ asserts that the Planning Commission may be ordered to pay attorney fees pursuant to Indiana Code Section 36–7–4–1010.

■ Even assuming KBJ is correct in its assertion that Indiana Code Section 36–7–4–1010 applies to plan commissions in addition to boards of zoning appeals, this Section only applies to "costs" and does not mention "attorney fees." Indiana follows the general rule that each party must pay his or her own attorney fees. *Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mut. Ins. Co.*, 837 N.E.2d 1032, 1037 (Ind.Ct.App.2005). "Therefore, attorney fees are not allowable in the absence of a statute, agreement, or rule to the contrary." *Id.* at 1037–38. Further, "It has long been established in this State, however, that the bare term 'costs' does not encompass attorney fees." *State v. Holder*, 260 Ind. 336, 339, 295 N.E.2d 799, 800 (1973).

Because Indiana Code Section 36–7–4–1010 does not contain a provision regarding the payment of attorney fees, it cannot be read to authorize such. Regardless of whether the Planning Commission acted in bad faith, as the trial court specifically found, Indiana Code Section 36–7–4–1010 does not authorize the recovery of attorney fees.

## Conclusion

The trial court properly determined that the Planning Commission erred in denying KBJ's application for the reapproval of the replat. The trial court improperly award-

---

8. The Planning Commission does not make a separate argument regarding the trial court's award of costs to KBJ.

ed KBJ attorney fees pursuant to Indiana Code Section 36–7–4–1010. We affirm in part and reverse in part.

Affirmed in part and reversed in part.

SHARPNACK, J., and VAIDIK, J., concur.